IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JOSEPH BAYNES,<br><br>Plaintiff,<br><br>v.<br><br>NOEL BROWN, Sheriff Bulloch County, GA, et al.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CV 625-055 |

**O R D E R**

Before the Court is Defendants' partial motion to dismiss and for more definite statement of remaining claims. (Doc. 5.) For the following reasons, Defendants' motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.**

## I. BACKGROUND

Plaintiff brings suit pursuant to 28 U.S.C. §§ 1331 and 1343, asserting claims under 42 U.S.C. § 1983. (Doc. 1, at 3.) Plaintiff's claims arise from his time as a pretrial detainee at the Bulloch County Jail from June 4, 2023 until August 31, 2023. (Id. at 1-4.) He sues nineteen Defendants and states they failed to provide his prescribed psychiatric medication, used excessive force, exposed him to prolonged punishment and retaliation through restraint chair confinement, and violated the Americans with

Disabilities Act ("ADA") by failing to give him reasonable accommodations. (Id. at 1-2.)

Plaintiff was arrested by Bulloch County officers after he took a golf cart from Georgia Southern University. (Id. at 5.) During his arrest, he was beaten, tased, punched, and kicked, resulting in two black eyes. (Id.) Plaintiff suffers from Post Traumatic Stress Disorder ("PTSD") from childhood trauma and requires medication. (Id. at 5, 7.) During intake, he informed jail staff of his prescribed medication, and throughout his detention, he requested medication, but jail officials failed to get his medical records or provide his medication. (Id. at 5.) Foreseeably, Plaintiff suffered from uncontrolled anxiety and depression which drove his behavior and was compounded by Defendants' cruel and unusual punishment. (Id. at 6.) During his incarceration, Plaintiff was strapped in a restraint chair seven times. (Id. at 2-3.)

Plaintiff brings five claims: (I) unreasonable force and conditions of confinement in violation of the Fourteenth Amendment; (II) conditions of confinement amounting to punishment in violation of the Fourteenth Amendment; (III) deliberate indifference to medical needs in violation of the Fourteenth Amendment; (IV) violation of the ADA and Rehabilitation Act ("RA"); and (V) intentional infliction of emotional distress ("IIED") by outrageous conduct under Georgia law. (Id. at 12-26.) Defendants

move for partial dismissal and for a more definite statement of the remaining claims. (Doc. 5.) Plaintiff responded out of time (Doc. 13-1), but the Court previously held that it would consider Plaintiff's out of time response (Doc. 15). Defendants' motion is now ripe for the Court's review.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked

assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

## III. DISCUSSION

Defendants move to dismiss certain causes of action for failure to state a claim and seek a more definite statement on any claims that remain. (Doc. 5, at 1.) They argue "[t]he [C]omplaint is a quintessential shotgun pleading; each of its counts incorporates all preceding material, several counts appear to contain multiple discrete claims, and no count identifies which of the nineteen defendants it is asserted against." (Id. at 1-2.) Further, they argue the Eleventh Amendment bars Plaintiff's official capacity claims against Defendant Sheriff Brown and his employees, Bulloch County cannot be liable for acts or conditions at the jail, and there are no Defendants he could proceed with ADA or RA claims against. (Id. at 2.) Finally, Defendants argue the

statute of limitations bars claims occurring on or before July 13, 2023. (Id.)

Plaintiff opposes Defendants' motion to dismiss, arguing Defendants hold the necessary information and without discovery, he will not be able to plead his claims with clarity. (Doc. 13-1, at 7.) Overall, Plaintiff asserts the Complaint provides sufficient notice to Defendants, as they possess superior knowledge of the facts, and he need not plead facts within Defendants' knowledge before discovery. (Id. at 11.) The Court addresses both sides' arguments below.

**A. Shotgun Pleading**

First, the Court considers Defendants' argument that the Complaint is a shotgun pleading. (Doc. 5, at 4-10.) The Eleventh Circuit is particularly opprobrious of shotgun pleadings, which are pleadings that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b). See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320-21 (11th Cir. 2015); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those

that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323. A pleading need only qualify as one of these four types to be an impermissible shotgun pleading.

Defendants argue Plaintiff's Complaint violates three of the four "sins." (Doc. 5, at 5.) The Court agrees. First, each count "reincorporates by reference all preceding paragraphs," making it difficult to discern which factual allegations pertain to which claims. (Doc. 1, at 12, 14, 15, 16, 21.) While incorporating preceding paragraphs is not always frowned upon, the Eleventh Circuit forbids a complaint where "[t]he allegations of each count are . . . rolled into every successive count on down the line." Weiland, 792 F.3d at 1324. By incorporating prior assertions and restating irrelevant and conclusory facts under every count, it requires the Court and Defendants to speculate how to properly apply the factual allegations to each alleged count. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (classifying complaint as a shotgun pleading because reader must speculate on which factual allegations pertain to which count). Thus, Plaintiff's Complaint violates the first "sin."

Second, the claims do not identify which Defendants committed which alleged violations. While some of Plaintiff's background allegations list specific Defendants, each count refers collectively to "Defendants" without explaining which allegations apply to which Defendant. (See Doc. 1, at 5-26.) Plaintiff argues he "has provided what he can provide: the dates, times, durations, and descriptions of what happened to him," but "Defendants have what Plaintiff cannot provide: their own internal records showing who made decisions and who participated in each incident." (Doc. 13-1, at 15.) He argues that discovery is necessary to identify specific actors. (Id. at 16.) However, as the Supreme Court held in Iqbal, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citation omitted). "[A] significant premise underlying Twombly and Iqbal is that a plaintiff ought not get a ticket to discovery - with its attendant burden and expense - unless the plaintiff can allege facts sufficiently supporting a claim." Brannan for Est. of Goodman v. West, No. CA 17-0493, 2018 WL 1440835, at *3 (S.D. Ala. Mar. 22, 2018) (citation omitted). As such, Plaintiff cannot baselessly assert allegations against "all Defendants" with the hope discovery will reveal something about

all named Defendants. See Real Est. Mortg. Network, Inc. v. Cadrecha, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) ("Additionally, the claims should not refer generally to 'Defendants.' Lumping the Defendants together in this manner makes it impossible for the Defendants to be placed on notice as to what allegations specifically apply to their actions or misconduct."). Therefore, Plaintiff's Complaint violates the fourth "sin," and in his amended complaint, Plaintiff must plead with specificity which factual allegations apply to which Defendants under each count, linking each Defendant to facts they can respond to.

Finally, each count of Plaintiff's Complaint appears to contain several claims for relief. Plaintiff argues the allegations are to show "an integrated pattern of treatment" and "describe the overall conditions to which Plaintiff was subjected." (Doc. 13-1, at 20.) However, as Defendants argue, "[e]very count of [Plaintiff's] complaint impermissibly combines multiple discrete causes of action" which fails to put Defendants on notice of the claims against them. (Doc. 5, at 10.) For example, no count alleges supervisory liability, but Plaintiff names supervisors as Defendants and alleges their acts or omissions were made pursuant to the customs, policies, practices, and procedures of Defendant Bulloch County. (Id. (citing Doc. 1, ¶ 15).) Plaintiff must take care to assert each claim in an individual count of the Complaint to provide Defendants notice of

the claims asserted and allow them to respond. Plaintiff's Complaint thus violates the third "sin."

Shotgun pleadings "exact an intolerable toll on the trial court's docket . . . and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997). Consequently, when a party files a shotgun pleading, the Eleventh Circuit instructs district courts to strike the pleading and direct that a new complaint be filed. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018) (citation omitted). As required, the Court will give Plaintiff one chance to fix his defective complaint. See Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) ("When faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." (citing Vibe Micro, 878 F.3d at 1296)). If Plaintiff disregards the Court's Order, any "continued impermissible pleadings warrant dismissal with prejudice." Hirsch v. Ensurety Ventures, LLC, 805 F. App'x 987, 992 (11th Cir. 2020) (citation omitted); see also Cummings v. Mitchell, No. 20-14784, 2022 WL 301697, at *2 (11th Cir. Feb. 2, 2022) ("[D]istrict courts have inherent authority to control its docket and, in some circumstances, dismiss pleadings

that fail to conform with the Federal Rules of Civil Procedure." (citing Weiland, 792 F.3d at 1320)).

**B. Failure to State a Claim**

In addition to Plaintiff's Complaint being a shotgun pleading, Defendants argue several claims fail for additional reasons. (Doc. 5, at 11-15.) First, they argue official capacity claims against Defendants are barred by Eleventh Amendment immunity. (Id. at 11-12.) Second, they argue Defendant Bulloch County is not liable for jail conditions or the conduct of jail personnel. (Id. at 12-13.) Third, they argue Plaintiff's claims under the ADA and RA fail. (Id. at 13-14.) And finally, they argue the statute of limitations bars claims for events occurring before July 14, 2023. (Id. at 14-15.)

Since the Court has found Plaintiff's Complaint is an impermissible shotgun pleading, it abstains from ruling on these additional reasons for dismissal. If the original claims were more clearly pled, the Court would analyze these other arguments. However, the Court does not want to simply offer what could amount to be an advisory opinion on Defendants' additional arguments since it cannot decipher the individual claims and whom they are brought against. Therefore, Defendants' motion to dismiss on these additional grounds is **DENIED WITHOUT PREJUDICE**.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' partial motion to dismiss and for more definite statement of remaining claims (Doc. 5) is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.** Plaintiff is **DIRECTED** to file an amended complaint within **FOURTEEN (14) DAYS** of the date of entry of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA